IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SCOTT N. JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OMKAR PROPERTIES, INC., d/b/a<br>SUPER 8 EXECUTIVE SUITES; OMKAR<br>PARTNERSHIP, a California General<br>Partnership d/b/a SUPER 8 EXECUTIVE<br>SUITES; RAMESH D. PATEL, d/b/a<br>SUPER 8 EXECUTIVE SUITES; DINESH<br>D. PATEL, d/b/a SUPER 8 EXECUTIVE<br>SUITES; NARENDRA D. PATEL, d/b/a<br>SUPER 8 EXECUTIVE SUITES,<br><br>　　　　　Defendants. | 2:07-cv-02331-GEB-KJM<br><br>ORDER RE: SETTLEMENT<br>AND DISPOSITION |

　　　　On January 29, 2008, Plaintiff filed a Notice of Settlement in which he states "the parties have settled this action" and "[d]ispositional documents will be filed within (20) calendar days." Therefore, a dispositional document shall be filed no later than February 18, 2008. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See L.R. 16-160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

1

1    The status conference scheduled for March 17, 2008, is
2 reset for hearing on March 31, 2008, at 9:00 a.m., in the event that
3 no dispositional document is filed, or if this action is not
4 otherwise dismissed.  Further, a joint status report shall be filed
5 fourteen days prior to the status conference.[1]
6    IT IS SO ORDERED.

Dated:  February 5, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] The status conference will remain on calendar, because the mere representation that an action has been settled does not justify removal of the action from a district court's trial docket. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2